# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12 CR 127

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEMARCUS ANTONIO ROYAL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is a Violation Report [# 78] filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. On November 11, 2017, the Court held a bond revocation hearing. Defendant was present with his counsel, Nathan J. Stallings, and the Government was present through AUSA David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, denied the allegations contained in the Violation Report. The government then presented testimony through United States Probation Officer Brannon Curtis.

The Defendant was charged in a bill of indictment filed on December 4, 2012 with: seven counts of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1); on

1

count of aiding and abetting the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and one count of possession of a non-registered sawed-off firearm, in violation of 26 U.S.C. §§ 5845(a), 5861(d).

On April 21, 2014, District Judge Reidinger took Defendant's plea of guilty to counts 1 and 10 of the indictment [# 48]. Judge Reidinger sentenced Defendant to 46 months imprisonment for each count to run concurrently, three years of supervised release, and a $200 special assessment [# 28, 49]. Defendant began supervised release on December 4, 2015 [see # 55].

On August 21, 2017, Defendant was arrested for violating his conditions of supervised release. On August 23, 2017, Defendant appeared before this Court for a detention hearing regarding Defendant's violation. The Court released Defendant on terms and conditions of pretrial release which included the following:

(1) The defendant must not violate any federal, state or local law while on release;

(8)(p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.

8(q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. . . . The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which are required as a condition of release.

October 5, 2017, Defendant provided a urine sample that tested positive for cannabinoids. On October 18, 2017, Probation Officer Curtis went to Defendant's residence to collect another urine sample for testing and Defendant refused. On October 26, 2017, Alere confirmed that the October 5, 2017 urine sample contained cannabinoids [# 78].

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

    (1)    finds that there is----
        (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
        (B) clear and convincing evidence that the person has violated any other condition of release; and
    (2)    finds that ---
        (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
        (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the Court finds there is probable cause to believe that Defendant has committed a federal and state crime while on release. The possession and consumption of marijuana is a misdemeanor under federal law, 21

U.S.C. § 844 and is a felony under state law, N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148 that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated the condition of release that ordered him to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a license medical practitioner. Defendant has clearly violated this condition by using marijuana—a drug which is not prescribed by a licensed medical practitioner.

Finally, it has been shown that Defendant violated the condition of release that ordered him to submit to testing required by the pretrial office or the supervising officer. Defendant violated this condition by not submitting to the October 18, 2017, urine test.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the Court that, based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions

of release.

As a result of the above referenced findings, the Court has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond [# 65] and terms and conditions of pretrial release [# 64] entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: November 8, 2017

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge